## COMER et v WERNER

Ohio Appeals, 1st Dist, Hamilton Co

No 4919. Decided Jan 6, 1936

LeBlond, Morrissey, Terry & Gilday, Cincinnati, for plaintiffs in error.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

It will be noted that the only charge of negligence on the part of the defendants was a failure to have a light or other warning on the rear of their vehicle.

Defendants claimed under the provision: "Provided, however, that this section shall not apply to a vehicle designed principally for the transportation of hay or straw while loaded with such commodities." If the defendants brought themselves within this exception, then there would be no statutory requirement to carry a rear light. As to this provision, the court might well have instructed the jury that there was no violation of the statutes, which would make the defendants prima facie negligent. The exemption in the statutes was undoubtedly for the reason that the carrying of a light, which would of necessity be an oil lamp, would be dangerous as a fire hazard. This, however, only refers to a statutory requirement, which does not, in terms, relieve from the common law liability for negligence.

In the case of **Stoops v Transportation Co., 121 Oh St, 437,** it is stated in the second paragraph of the syllabus:

"Irrespective of §12614-3, GC, it is the common law duty of the driver of a motor propelled vehicle, operating upon the public streets and highways, to exercise ordinary care not to injure any other person upon such streets and highways; and an allegation and proof of darkness or other atmospheric condition which tends to obscure the vision of the driver of such vehicle or the visibility of such vehicles to others, and that the vehicle did not display headlights, presents a question of fact, for determination by the jury, whether the exercise of ordinary care by such driver, under the circumstances required the display of such light, and, if so, whether such fail-

ure was the proximate cause of the injury."

There are many cases in other states supporting this proposition. The trial court, therefore, properly submitted to the jury the common law liability for ordinary care, irrespective of the statute.

If the husband, driver, of the automobile and the operators of the wagon were both negligent and the combined negligence caused the injury to the plaintiff, she could still recover, if she exercised due care for her own safety under the circumstances.

The controlling question in the case is as to whether or not the failure to have a warning light on the rear of the wagon contributed proximately to the accident; or, in other words, was the conduct of the husband in driving the machine the sole proximate cause of the injury.

Had the action been brought by the husband, driver, there would be no question but that an instructed verdict would have been required.

Likewise, an instructed verdict for the defendants would have been required in this case were it not for the following evidence given by the plaintiff. She testified:

"Q. Now after you left Sharonville just tell us what you remember about this drive until the accident happened?

"A. We were driving slowly up towards Bethany, just before you come to Bethany there is a slight rise and you come over that rise and we seen the machines coming towards us.

"Q. Now I want to know what you saw?

"A. I saw the machines coming toward us. The first machine dimmed their lights and Mr. Werner dimmed our lights; the second machine had their bright lights. And then we saw this wagon, I saw this wagon ahead of us and I said to Mr. Werner, 'Oh, Look,' and he immediately put on the brakes but the pavement was so hot, so soft and we struck the wagon. It had no lights, no reflector. We struck the wagon at the rear left hand wheel."

There is some supporting evidence to her testimony.

The undisputed evidence shows that coming over the rise of the hill were two machines, going to the south, the first machine with its lights dimmed, the second having its bright lights on. Werner testified that these bright lights blinded him. The evidence was given by the husband, driver, that he was driving about 40 to 42 miles an hour. The plaintiff testified that they were going about 38 miles an hour;

that their automobile was within about 50 feet of the haywagon before they saw it. The husband's evidence is that he put on the brakes, that the road was soft, and saw he was going to strike the wagon and turned out to pass it on the left. He testified in another place in the record that within 10 seconds after he saw the wagon the crash occurred. A calculation based on the estimated 10 seconds would place the plaintiff and her husband about 400 feet to the rear of the wagon when they saw it. The mule tied to the rear of the wagon was a distinguishing moving object.

As above stated, one of plaintiff's witnesses testified that he was sitting on his porch and saw the haywagon with two horses passing his property; that he saw a mule tied to the rear of the wagon; saw the horses, the wagon, corn and hay, and two men on the wagon; that these men were white men. It is undisputed that they were driving the wagon with the right wheels on the gravel berm bank and the left wheels on the paved portion of the road.

The weather bureau report was to the effect that at a time comparable to the time of the accident the thermometer stood at 81 degrees above zero. The witness who saw the vehicles from his porch testified to the effect that the road was not slippery, that it had cooled.

The court submitted the question to the jury as to whether the defendants were within the exception of the statute, exempting them from carrying a light on the rear of the wagon. In other words, the question was submitted as to whether or not the wagon was loaded with hay at the time of the accident.

The court also submitted the question to the jury as to whether due care would require the carrying of a light or reflector on the rear of their wagon.

The court submitted the question of whether the plaintiff, riding in the machine with her husband, used due care, under the circumstances, for her own safety.

The jury found on the issues in favor of the plaintiff and returned a verdict for $6,000.

The trial court overruled the motion for a new trial, and the case is here on the record, which presents the case as briefly stated.

It is difficult to understand how the jury came to the conclusion it did. A study of the evidence leads us strongly to the conclusion that the sole proximate cause of the accident was the speed of the automobile and the situation created by the en-

deavor to pass the wagon on the hill, when the driver was met by two automobiles coming over the brow of the hill, with their lights burning; that in the confusion the husband, driver, dashed his car into the side of the haywagon in an endeavor to avoid the oncoming car.

We are further of the opinion that under the evidence the question of lights or warning signal on the rear of the haywagon would not have aided in any way in avoiding the accident. If the jury should have found that ordinary care required the defendants to carry such warning, it would also have had to find that the failure to do so constituted a proximate cause of the accident. As above stated, the evidence of the plaintiff prevents an instructed verdict in favor of the defendants.

We, therefore, find and so hold that the verdict is manifestly against the weight of the evidence on the question of proximate cause. From the evidence, the accident in question appears to be the not unusual result where an automobile attempts to pass a vehicle on an uphill grade and is unexpectedly met by a machine coming over the brow of the hill in the opposite direction.

There are other specifications of error, none of which we find prejudicial.

The judgment is reversed and the cause remanded for a new trial.

ROSS, PJ, and MATTHEWS, J, concur.